IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHEAL N.B. ATTAWAY, #Y55493,   )
   )
      Plaintiff,   )
   )
vs.   )      Case No. 23-cv-02757-JPG
   )
CRAWFORD COUNTY JAIL   )
and FREDERICK CHIN,   )
   )
      Defendants.   )

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Micheal Attaway filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations at Crawford County Jail.  In the Amended Complaint,[1] Plaintiff claims he was punished with placement in isolation for 104 days between June 14, 2022 and December 20, 2022.  (Doc. 12).  He seeks money damages against the defendants for violations of his due process rights under the Fourteenth Amendment.  *Id*.

The Amended Complaint is now before the Court for review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff filed an Amended Complaint (Doc. 12) on September 5, 2023, less than a month after filing the original Complaint (Doc. 1) on August 10, 2023. The Amended Complaint supersedes and replaces the original Complaint and renders it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

**Amended Complaint**

Plaintiff sets forth the following allegations in the Amended Complaint (Doc. 12): Sometime after he was arrested and detained at the Jail on June 14, 2022, Plaintiff was punished, for no apparent reason, with 104 days in isolation.  Plaintiff was erroneously classified as suicidal and housed in a 10' x 10' padded cell for fourteen days.  While there, Plaintiff had no contact with family, friends, or other inmates.  However, he was not suicidal.  Plaintiff attempted to alert Jail Administrator Chin to the mistake in his classification and request a transfer, to no avail.  After attempting to address the matter directly with Jail Administrator Chin for ten days, Plaintiff went on a hunger strike for four days.  He missed twelve meals and three evening snacks before Jail Administrator Chin responded to his request for removal from suicide watch and transferred him to another cell.  Plaintiff was moved into a single cell, however, where he remained confined in isolation for another ninety days.  Plaintiff claims that his placement in isolation amounted to punishment without due process in violation of the Fourteenth Amendment.  *Id*.

**Discussion**

The Court identifies the following claim in the *pro se* Amended Complaint:

**Count 1:**   Fourteenth Amendment claim against Jail Administrator Chin and Crawford County Jail for punishing Plaintiff without due process of law by placing him in isolation for 104 days without notice or a hearing during his pretrial detention at the Jail between June 14, 2022 and December 20, 2022.

**Count 2**:   Fourteenth Amendment claim against Jail Administrator Chin for failing to timely intervene and stop his four-day hunger strike at the Jail between June 14, 2022 and December 20, 2022.

**Any claim in the Amended Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

Although a pretrial detainee is subject to some restrictions on his liberty, he cannot be punished for a crime he has not been convicted of committing. *King v. Price*, 221 F.3d 1338 (7th Cir. 2000) (citing *Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999)). A pretrial detainee may be punished for his own misconduct that occurs during his pretrial detention, as long as punishment is imposed "after affording the detainee some sort of procedural protection." *Rapier*, 172 F.3d at 1004. A detainee is entitled to these due process protections for "any nontrivial punishment." *Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005) (citing *Rapier*, 172 F.3d at 1002-03). Count 1 shall proceed against Jail Administrator Chin for punishing the plaintiff with placement in isolation for 104 days without notice of any rule violation or a hearing regarding the same.

But, this claim cannot proceed against Crawford County Jail because the Jail is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff's designation of the Jail as a defendant may represent an attempt to hold the county liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *Id*. Plaintiff points to no such policy or custom. Accordingly, Count 1 shall be dismissed without prejudice against the Jail.

**Count 2**

The United States Supreme Court has recognized that "competent persons" have a due process "right to refuse lifesaving hydration and nutrition." *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (citing *Washington v. Glucksberg*, 521 U.S. 702, 723 (1997) (quoting *Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 279 (7th Cir. 1990)). In the event a detainee or inmate is deemed incompetent, jailers have a duty to intervene "to prevent the prisoner from giving way"

3

to the "unusual psychological strain" caused by incarceration. *Id*. at 547. This duty is triggered when "suicide takes the form of starving oneself to death." *Freeman v. Berge*, 441 F.3d. 543, 547 (7th Cir. 2006). A failure to protect from self-harm can give rise to a constitutional claim.

Here, Plaintiff alleges that he was not suicidal during his hunger strike, but the Court cannot overlook the fact that he was on suicide watch at the time he refused nourishment, and Jail Administrator Chin had a duty to timely intervene to prevent the plaintiff from inflicting self-harm. While it is unclear whether the plaintiff actually suffered harm, the four-day delay in the defendant's intervention supports a claim against this defendant at screening. Count 2 shall receive further review against Jail Administrator Chin.

### Disposition

**IT IS ORDERED** that the Amended Complaint (Doc. 12) survives preliminary review under 28 U.S.C. § 1915A. **COUNTS 1** and **2** will proceed against **JAIL ADMINISTRATOR CHIN**, in an individual capacity, and **COUNT 1** is **DISMISSED** without prejudice against **CRAWFORD COUNTY JAIL** for failure to state a claim.

**IT IS ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendant **JAIL ADMINISTRATOR CHIN** (individual capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 12), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, with Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 10/11/2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**<u>Notice</u>**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him or her with a copy of your Amended Complaint.  After service has been achieved, the defendant will enter an appearance and file an Answer to your Amended Complaint.  It will likely take at least 60 days from the date of this Order to receive that defendant's Answer, but it is entirely possible that it will take 90 days or more.  The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before the defendant's attorney has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.