IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL N.B. ATTAWAY, #Y55493,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-cv-02757-JPG |
| ) | |
| **FREDRICK CHIN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

# ORDER

**GILBERT, District Judge:**

This matter is before the Court for a decision on Plaintiff Michael Attaway's motion for default judgment (Doc. 35) filed December 29, 2023 and Defendant Fred Chinn's motion to vacate the Clerk's entry of default (Doc. 37) filed January 3, 2024. For the reasons set forth below, Plaintiff Attaway's motion is **DENIED**, Defendant Chinn's motion is **GRANTED**, and Defendant Chinn is **ORDERED** to file his responsive pleading by **January 10, 2024**.

A request for waiver of service of summons was sent to Defendant Chinn on October 12, 2023 (Doc. 22). The waiver was returned executed on November 22, 2023 (Doc. 31). Defendant Chinn's answer was due December 11, 2023. *Id*. Defendant Chinn failed to move, answer, or otherwise plead in response to the Amended Complaint by that deadline. The Court directed the Clerk to enter default on December 22, 2023 (Doc. 33). The Clerk entered notice of default on December 26, 2023 (Doc. 34), and Plaintiff filed a motion for default judgment as to Defendant Chinn on December 29, 2023 (Doc. 35). Counsel for Defendant Chinn entered an appearance and filed a motion to vacate entry of default on January 3, 2024 (Docs. 36, 37).

Defendant Chinn asks this Court to set aside the default pursuant to Federal Rule of Civil

Procedure 55(c) for "good cause" shown. (Doc. 37). "A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c). According to the motion to vacate entry of default, Defendant Chinn's counsel received notice of this case assignment on January 2, 2024, and learned about the Clerk's entry of default the same day. (Doc. 37, ¶ 9). This delay was not the result of any delay, misconduct, or oversight of Defendant Chinn, who provided timely notice of this lawsuit to the State's Attorney and Crawford County Board Liaison. Defendant Chinn also understood that a notice of appearance and answer would be filed on his behalf. However, Crawford County changed its third-party claims adjusting vendor on November 30, 2023, and this transition in vendors on December 1, 2023 caused a delay in this case assignment.

Once the case assignment was made on January 2, 2024, Defendant Chinn's counsel immediately moved to vacate entry of default and allow Defendant Chinn to file an Answer and present his meritorious defenses to all claims, based on Plaintiff Attaway's failure to exhaust his administrative remedies for the claim(s) and Defendant Chinn's lack of knowledge or personal involvement in any of the alleged constitutional violations. (Doc. 37).

In light of the circumstances surrounding Defendant Chinn's failure to file timely responsive pleadings and Counsel's expeditious actions after discovering the error, the Court hereby **GRANTS** Defendant Chinn's motion to set aside default (Doc. 37), **DENIES** Plaintiff Attaway's motion for default judgment as to Defendant Chinn (Doc. 35), and **VACATES** the Clerk's entry of default (Doc. 34). Defendant Chinn shall file an Answer or other response to the Amended Complaint (Doc. 12) by **January 10, 2024**.

IT IS SO ORDERED.

DATED: 1/3/2024

                                                                  s/J. Phil Gilbert  
                                                                  **J. PHIL GILBERT**  
                                                                  **United States District Judge**