IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL N.B. ATTAWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-2757-MAB |
| | ) |
| FRED CHINN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

The Court previously granted Defendant Fred Chinn's motion for summary judgment on the issue of exhaustion and dismissed this matter without prejudice (Docs. 95, 96). Plaintiff Micheal Attaway is now seeking to reopen the case and proceed with discovery on the merits of his claims (Docs. 97, 98, 100, 101). For the reasons explained below, Plaintiff's motions are denied.

### BACKGROUND

Defendant Fred Chinn filed a motion for summary judgment on the issue of exhaustion on April 19, 2024 (Doc. 72; *see also* Doc. 73). Plaintiff filed his response in opposition just five days later (Doc. 76). In the months that followed, Plaintiff proceeded to inundate the Court with various motions and filings related to his response in opposition (Docs. 78, 79, 80, 81, 82, 84, 85, 92).

The Court entered an Order on March 25, 2025, denying Plaintiff's collateral motions (Doc. 94), and two days after that entered an Order granting Defendant's motion

for summary judgment on this issue of exhaustion (Doc. 95). Judgment was entered dismissing this action without prejudice because Plaintiff failed to exhaust his administrative remedies prior to filing suit and this case was closed on the Court's docket (Doc. 96).

Four days after judgment was entered, Plaintiff filed a Motion to Change Venue and a "Motion to Proceed with Merits Discovery and Bypass Exhaustion of Administrative Remedies" (Docs. 97, 98), seemingly unaware that judgment had been entered. A week later, Plaintiff filed motions asking the Court to reopen this case, to allow him to re-do his response in opposition to the motion for summary judgment on the issue of exhaustion, and to issue a new ruling on the issue of exhaustion (Doc. 100 ("Motion for Reconsideration of The Court's Memorandum and Order [at] Doc. 94"); Doc. 101 ("Motion to Vacate the Court's March 27, 2025 Order and Clerk's Judgment . . . .")). Plaintiff's motions are currently before the Court.

## Discussion

The Court turns first to Plaintiff's Motion to Vacate the March 27, 2025 Order and Clerk's Judgment (Doc. 101). In short, Plaintiff contends the summary judgment Order should be vacated because Defendant obstructed him from receiving a complete copy of the motion for summary judgment and exhibits thereto and then lied to the Court that he had been given a complete copy (Doc. 101; *see also* Doc. 100). Plaintiff claims that he never received a complete copy and, without it, was unable to properly respond to the motion (Doc. 101). Plaintiff claims the Court ruled on the motion for summary judgment after mistakenly assuming that Plaintiff *had* received a complete copy of the motion (Doc. 101).

Therefore, according to Plaintiff, the exhaustion-based dismissal is legally flawed (*Id.* at p. 2).

Plaintiff indicates that he is seeking relief under Rule 60(b)(1), (2), and (3) (Doc. 101), which permits a court to vacate a final judgment for a variety of reasons, including mistake, inadvertence, excusable neglect, newly discovery evidence, and "fraud, misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b). The Court notes certain arguments raised by Plaintiff that allege a mistake on the part of the Court could also be evaluated as a motion to alter or amend judgment under Rule 59(e) because the motion was filed within 28 days of the entry of judgment. FED. R. CIV. P. 59(e); *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (altering or amending judgment under Rule 59(e) is permissible where movant clearly establishes "that the court committed a manifest error of law or fact" or "that newly discovered evidence precluded entry of judgment."). *See also Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (acknowledging that Rule 59(e) and Rule 60(b) provide overlapping relief to some degree).

While motions under both Rule 59(e) and 60(b) "see[k] to erase the finality of a judgment and to allow further proceedings," the Seventh Circuit has held that Rule 59(e) generally requires a somewhat lower threshold of proof than Rule 60(b). *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995). *Accord Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013). *See also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir.1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 (7th Cir. 2001)

("Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence.").

Ultimately, the Court need not parse the difference between the two rules because regardless of whether Plaintiff's motion is reviewed under Rule 60(b) or whatever lower threshold of proof that Rule 59(e) may offer, he has failed to establish a right to relief. The Court is wholly unpersuaded that it made a mistake, or that Defendant engaged in any kind of misconduct, that justifies reopening this case. As the Court sees it, Plaintiff has only his own missteps to blame for the dismissal of this case.

Indeed, it was Plaintiff who chose to respond to Defendant's motion for summary judgment after just five days, despite knowing full well that he had not yet reviewed Defendant's full brief or supporting evidence (*see* Doc. 94, pp. 1–2; Doc. 95, p. 6). As the Court previously noted, Plaintiff's choice to do so was dumbfounding (*see* Doc. 94, pp. 1–2). His response brief did not directly address any of the facts asserted or arguments made by Defendant (Doc. 95, p. 2; *compare* Doc. 73 *with* Doc. 76), and paid no heed to the rules regarding the procedural and substantive requirements for a summary judgment response (*see* Doc. 74); SDIL-LR 56.1. Plaintiff then went on to pepper the Court with more submissions containing additional facts (which were not properly supported) and arguments for denying summary judgment, (*see* Docs. 78, 79, 80, 82, 84, 85, 92), which can only be viewed as a misguided attempt to supplement his defective response brief (*see* Doc. 95, pp. 5–6, 7–9).

Plaintiff's method of responding to the motion for summary judgment was a

continuation of the same problematic filing tendencies he employed throughout the course of this lawsuit. Since the inception of this case, Plaintiff routinely inundated the Court with filings, often in rapid succession (*see* Docs. 8, 11, 12, 14, 15, 16, 17, 23, 24, 27, 28, 35, 42, 44, 46, 47, 48, 53, 56, 57, 58, 65, 68, 69, 71). His filings were often redundant, trivial, and/or completely without merit (*see, e.g.,* Docs. 9, 29, 50, 70). From the Court's perspective, some of these filings were clearly submitted without reviewing—or in complete disregard for—information the Court had provided in its previous Orders (*see, e.g.,* Docs. 26, 30, 54, 70). Other filings demonstrated Plaintiff's unfamiliarity with—or disregard for—basic procedural rules and the sequence in which civil litigation proceeds (*see, e.g.,* Doc. 30, 50, 54, 63, 70). There were times where he submitted his arguments or requests for relief in a piecemeal fashion, spread out across multiple filings (*see* Docs. 15 and 16; Docs. 35, 42, and 44; Docs. 62 and 65), and times where he stated a position and then abruptly reversed course (*see* Docs. 56, 69, 70). Plaintiff's filings continually left the Court with the impression that his filings were impulsive, eschewing the instructions that he had been given. At bottom, it appears Plaintiff was in some inexplicable rush to short circuit this litigation and get to the end result that he believed was inevitable (*see, e.g.,* Doc. 68).

Importantly, Plaintiff was informed multiple times to stop his abusive filing practices (Docs. 30, 50, 54). Yet, Plaintiff's filing habits persisted when he chose to respond to Defendant's motion for summary judgment on the issue of exhaustion after just five days. Against this backdrop, the Court chose not to indulge Plaintiff's piecemeal and faulty summary briefing and to hold him to the first response that he filed (*see* Doc. 95,

pp. 5–6; *see also* Doc. 94, pp. 4, 5), which was not enough to survive summary judgment (Doc. 95, pp. 11–13). The Court will likewise not indulge Plaintiff in his attempt to undo the consequences of his careless briefing. In the end, Plaintiff's own blunders are not grounds for reopening the case and vacating the summary judgment order. *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) ("Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures'") (citation omitted); *see also id.* ("[T]rial judges are vested with discretion when determining whether . . . neglect . . . is 'excusable' for purposes of Rule 60(b)(1) . . . ."); *Sadowski v. Bombardier Ltd.*, 539 F.2d 615, 618 (7th Cir. 1976) ("Rule 60(b) is not to be invoked to give relief to a party who has chosen a course of action which in retrospect appears unfortunate or where error or miscalculation is traceable really to a lack of care."). *See also Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (discussing contempt sanctions against pro se litigant and noting "it is . . . well established that pro se litigants are not excused from compliance with procedural rules.") (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (noting in the context of Rule 11 sanctions that "pro se filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.")  (citation omitted).

Having concluded that Plaintiff failed to demonstrate any basis under Federal Rule 60(b)(1), (2), or (3) or Rule 59(e) that warrants reopening of this matter, his motion

(Doc. 101) is **DENIED**. That renders his other motions (Docs. 97, 98, and 100) **MOOT**.

IT IS SO ORDERED.

DATED: **January 30, 2026**

                                                              s/ Mark A. Beatty
                                                              **MARK A. BEATTY**
                                                              **United States Magistrate Judge**